Porter, J.
delivered the opinion of the court. This is an action brought against the defendant, as drawer of a bill of exchange on Samuel T. Beale, Bardstown, Kentucky. Several grounds of defence are set up in the answer, and among others—that no notice was given of the dishonour of the bill. The district judge being of that opinion, gave judg *700 ment against the plaintiff, from which judgment this appeal is taken.
East'n District.
Feb. 1823.
The evidence, which it has been contended establishes the notice, is contained in the deposition of a notary public, residing in the place where the bill was made payable and protested. He swears, that he protested the draft, and that he was generally in the habit of giving notices on all protested notes and bills, and presumes that he gave notice to the defendant, as he was requested to be very particular about it. In regard to the time he sent it off, he declares that his habit was to put notices into the post-office, to be sent off by the first mail, but having a great deal of protesting to do that summer, he has no distinct recollection about notifying the present defendant.
Notice of protest, of bills of exchange, is matter of strict law, and a failure to give it is fatal to the right of recovery, in cases where it is required by the lex mercatoria. In that now before us, we agree with the district judge, that the proof of the defendant having received notice, is not sufficiently established, and for the same reason which he gives. The witness merely states, that it was his general *701 habit, and that, from that habit, he presumes he did not neglect putting notice in the post-office. The expression general habit, negatives the idea that the witness was able to state it was his invariable one ; and when he can only venture to say, that a presumption is raised in his mind from his common practice, we cannot say that presumption establishes a fact to ours. Chitty on bills, (ed. 1821) 522. In the case cited from Johnson, the witness swore he had not a doubt but that he gave notice.
On the point as to the time when he put it in the office, the evidence is still weaker, for though he states, he was accustomed to do it regularly, he mentions that, having a great deal of protesting to do that summer, he has no distinct recollection about notifying the present defendant.
The plaintiff insists, this case should be taken out of the general rule, on the ground that it has been proved, the drawee was a partner in the commercial house of the drawers. Phillips on Ev. 2, 36. The bill is drawn by Joshua Baldwin & Co. in favour of Neill & Davis, on Samuel T. Beale. The evidence relied on to establish that Beale, the drawee, is a partner in the house of Baldwin & Co. is contained in the *702 deposition of a witness, who in answer to an interrogatory, if he is acquainted with the parties to the suit, as well as the parties to the annexed, answers, that he is acquainted with Joshua Baldwin, Samuel T. Beale and Wilson L. Davis and Gordon Neill, the two last compose the firm of Neill and Davis. This proof does not enable the court to learn who are the partners in the house of Baldwin & Co.; whether the four persons just named make the firm, or if any of those persons compose it, which of them. There would be as much reason to say, that Baldwin and Davis formed the partnership of Baldwin & Co., as that Baldwin and the payee and drawee all be-belonged to that house.
M'Caleb for the plaintiff, Maybin for the defendant.
We think the judgment of the district court should be affirmed with costs.